# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 15-252 (JRT/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM, OPINION AND ON 2255 VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |
| DAMIN PIERRE McCLINTON, | |
| Defendant. | |

Benjamin Bejar, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Damin Pierre McClinton, Reg. No. 18812-041, United States Penitentiary McCreary, P.O. Box 3000, Pine Knot, KY 42635, *pro se* defendant.

Damin Pierre McClinton is currently serving a 180-month mandatory-minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). McClinton seeks to vacate the sentence under 28 U.S.C. § 2255, arguing that the Court imposed an illegal sentence because McClinton's previous aggravated robbery conviction is not a "violent felony" for purposes of the ACCA and that his counsel was ineffective in failing to argue that McClinton did not have three requisite "violent felony" convictions under the ACCA. McClinton also moved to stay the proceedings in light of *United States v. Pettis*, No. 15-233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *appeal filed*, No. 16-3988 (8th Cir. Oct. 20, 2016), which is currently pending with the Eighth Circuit, and which bears directly on whether a Minnesota first-degree aggravated robbery while

armed with a dangerous weapon, Minn. Stat. § 609.245, subd. 1, is a "violent felony" for purposes of the ACCA.

Because the Eighth Circuit's decision may affect whether McClinton is actually innocent under the ACCA's force clause, the Court will grant McClinton's motion to stay the proceedings pending the Eighth Circuit's decision in *Pettis*.

## BACKGROUND

On November 13, 2015, McClinton pleaded guilty to one count of being "a felon in possession of a firearm as an armed career criminal, in violation of [18 U.S.C. §§] 922(g)(1) and 924(e)(1)." (Plea Agreement at 1, Nov. 13, 2015, Docket No. 22.) In the plea agreement, McClinton acknowledged that he had three or more previous convictions for violent felonies and was therefore subject to the 180-month mandatory-minimum sentence established by the ACCA. (*Id.* at 3 ("The parties agree that because the instant offense of conviction is a violation of 18 U.S.C. § 922(g), and the defendant has at least three prior convictions for a 'violent felony,' as defined by 18 U.S.C. § 924(e)(2)(B), the defendant is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) as an armed career criminal.").) The Court sentenced McClinton to 180 months of imprisonment on February 25, 2016. (Sentencing J. at 1-2, Mar. 3, 2016, Docket No. 32.) McClinton did not appeal.

On May 13, 2016, McClinton filed a motion seeking appointment of counsel to assist him in preparing a challenge to his conviction under the ACCA in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*See* Def.'s Mot. for Appointment of Counsel, May 13, 2016, Docket No. 35.) On June 10, 2016, the Court denied the

motion as procedurally defaulted because McClinton could have raised any *Johnson* arguments on direct appeal. (Order Denying Def.'s Mot. to Appoint Counsel, June 10, 2016, Docket No. 36.) The Court further noted McClinton did "not appear to have a viable claim pursuant to *Johnson*" because McClinton's sentence rested on "three or more convictions for violent felonies" rather than the residual clause of the ACCA. (*Id.* at 2.)

On February 27, 2017, McClinton filed a motion to vacate his sentence under 28 U.S.C. § 2255. (Def.'s Mot. to Vacate, Feb. 27, 2017, Docket No. 37; *see also* Def.'s Mem. in Supp., Feb. 27, 2017, Docket No. 38.) First, McClinton argues that his counsel was ineffective for failing to challenge the government's classification of his previous felonies as violent felonies under the ACCA. McClinton specifically asserts that his 2003 conviction for Minnesota first-degree aggravated robbery should not be deemed a "violent felony" for purposes of the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i) (providing a violent felony is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another"). In support of this contention, McClinton relies upon *Pettis*, 2016 WL 5107035, at *4-5, where the district court held that Minnesota first-degree aggravated robbery while armed with a dangerous weapon does not qualify as a violent felony under the ACCA's force clause.

Second, also relying on *Pettis*, McClinton asserts his current 180-month sentence is illegal because he does not have three predicate violent felonies under the ACCA, and the maximum statutory penalty for his offense under 18 U.S.C. § 922(g)(1) is 120 months. McClinton asserts that because his counsel was ineffective in failing to

challenge the government's classification of his aggravated robbery as a "violent felony," he should not be procedurally barred from raising that issue on a § 2255 motion in order to argue that his sentence is illegal.

On May 15, 2017, McClinton filed a motion to stay the ruling on his motion until the Eighth Circuit decides *Pettis*. (Def.'s Mot. to Stay, May 15, 2017, Docket No. 47.)

## DISCUSSION

### I. SECTION 2255

Section 2255(a) permits a prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

### II. PROCEDURAL ISSUES

Here, McClinton did not file a direct appeal, and thus, he did not preserve the issues raised in his § 2255 motion. A court reviewing a § 2255 motion may consider those arguments not properly preserved at trial or on direct appeal only if the petitioner can show either (1) cause for the failure to preserve the claim and prejudice from the

claimed legal error, or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Thus, the Court will first address whether McClinton has shown cause and prejudice, and then discuss actual innocence.

### A. Ineffective Assistance Of Counsel

Generally, "a showing of ineffective assistance of counsel satisfies both cause and prejudice," but the petitioner "faces a heavy burden" to demonstrate ineffective assistance. *Apfel*, 97 F.3d at 1076. First, the petitioner must establish that "his [or her] attorney's performance was so deficient as to fall outside the range of reasonable professional assistance." *Morelos v. United States*, 709 F.3d 1246, 1249-50 (8th Cir. 2013). Second, the petitioner must show that "he [or she] suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result" absent the ineffective assistance. *Id.* at 1250. "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id*. Further, when considering if counsel's performance was deficient, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Thus, the Court must determine whether McClinton met the "heavy burden" of showing ineffective assistance of counsel, which would excuse the procedural default of the claims raised in his § 2255 motion. *Apfel*, 97 F.3d at 1076.

In order to demonstrate ineffective assistance of counsel, a petitioner must first establish that his attorney's performance was deficient. McClinton argues that his counsel's performance at the sentencing proceeding was deficient because his counsel failed to challenge the government's classification of his 2003 Minnesota first-degree aggravated robbery as a violent felony under the ACCA. However, at the time of the sentencing hearing in 2016, the Eighth Circuit had held that Minnesota first-degree aggravated robbery was categorically a violent felony under the ACCA's force clause. *See United States v. Rucker*, 545 F. App'x 567, 572-73 (8th Cir. 2013) (holding that first-degree aggravated robbery in Minnesota "has as an element 'threatened use of physical force' against another" because one of the elements of the crime is "being 'armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it was a dangerous weapon, or inflict[ing] bodily harm upon another," and thus, the crime is a "violent felony" for ACCA purposes); *see also United States v. Raymond*, 778 F.3d 716, 717 (8th Cir. 2015) (per curiam) (endorsing, without analysis, *Rucker*'s holding that Minnesota aggravated robbery is a violent felony under § 924(e)).

In light of *Rucker* and *Raymond*, McClinton's counsel's failure to challenge whether an aggravated robbery was a violent felony under the ACCA's force clause conduct was not objectively unreasonable. At the time of his plea and sentencing, the Eighth Circuit held that Minnesota aggravated robbery was a violent felony under the ACCA's force clause. Although the classification has been subsequently challenged, *see Pettis*, 2016 WL 5107035, and that issue is now pending before the Eighth Circuit, McClinton's counsel was not clearly incompetent for failing to be the first attorney to

raise that issue. *Charboneau v. United States*, 702 F.3d 1132, 1137 (8th Cir. 2013) ("While the Constitution guarantees criminal defendants a competent attorney, it does not insure that defense counsel will recognize and raise every conceivable constitutional claim. . . . The question here is . . . whether [counsel's] decision [to omit an argument] was an unreasonable one which only an incompetent attorney would adopt." (quoting *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005))).

As McClinton has not established his counsel's performance was deficient, his ineffective assistance of counsel claim fails to overcome the procedural bar for his claims.

### B. Actual Innocence

Notwithstanding that McClinton's ineffective assistance of counsel claim fails, McClinton may be able to overcome his procedural default of his claim that his sentence was imposed illegally by demonstrating actual innocence. *Bousley*, 523 U.S. at 622. In *Pettis*, 2016 WL 5107035, at *4-5, the court held that an aggravated robbery does not categorically qualify as a violent felony under the ACCA's force clause, and appeal of that decision is now pending with the Eighth Circuit. If the Eighth Circuit affirms *Pettis*, and if that decision applies retroactively, McClinton may be able to show that his charge of aggravated robbery also does not categorically qualify as a violent felony under the ACCA's force clause, and thus he could claim "actual innocence" of the charge under

§ 924(e)(1).[1] Thus, the Court will grant McClinton's motion to stay the proceedings pending the Eighth Circuit's decision in *Pettis*.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for a Stay of Proceedings [Docket No. 47] is **GRANTED**.

2. Defendant's Motion to Vacate the Sentence [Docket No. 37] is **STAYED** pending a decision from the Eighth Circuit in *United States v. Pettis*, No. 15-233, 2016 WL 5107035 (D. Minn. Sept. 19, 2016), *appeal filed*, No. 16-3988 (8th Cir. Oct. 20, 2016).

DATED: August 4, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                  Chief Judge
                                        United States District Court

---

[1] Although the Eighth Circuit has yet to squarely address this issue, the Court believes that the salient issue here is not whether McClinton is actually innocent of committing an aggravated robbery, but whether an aggravated robbery is an ACCA predicate violent felony, and thus whether McClinton is actually innocent under the ACCA. *See Harris v. United States*, 757 F. Supp. 2d 1303, 1310 (S.D. Fl. Dec. 17, 2010) ("[T]his court concludes that the 'actual innocence' exception should apply here to avoid the fundamental miscarriage of justice which would otherwise result if petitioner were forced to serve an enhanced sentence which was not predicated on three valid convictions for 'violent felonies' or 'serious drug offenses' within the meaning of the ACCA.").

Alternatively, the Court also finds that a stay is warranted and that depending on the outcome in *Pettis*, McClinton may be able to establish cause and prejudice to excuse his procedural default. Specifically, the Supreme Court has stated that "a claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). And, if the Eighth Circuit affirms *Pettis*, McClinton may be able to show prejudice.